UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO M.R.,

               Petitioner,

      v.

WARDEN,

               Respondent.

No. 1:26-cv-03632-TLN-CKD

A # 244-683-132

**ORDER**

This matter is before the Court on Petitioner Francisco M.R.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed a motion to dismiss or transfer. (ECF No. 5.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

///

///

///

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts in the instant *pro se* habeas petition are sparse.[2]  Petitioner asserts he entered the United States on August 24, 2024, through humanitarian parole ("CBP One").[3]  (ECF No. 1 at 6; ECF No. 5-3 at 9.)  Petitioner has a work permit, Social Security number, and driver's license.  (ECF No. 5-3 at 9.)  Petitioner has forms I-130 and I-485 pending.  (*Id.*; ECF No. 1 at 6.)

On September 16, 2025, Petitioner was in a car accident and was detained after the officer learned his driver's license had expired.  (ECF No. 1 at 5.)  Petitioner notes he already had a U.S. Immigration and Customs Enforcement ("ICE") hold, so he was then taken to Alligator Alcatraz, then the Krome ICE Facility, and then finally the Mesa Verde Detention Facility.  (*Id.* at 5–6.)

On May 11, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*See id.*)  On May 12, 2026, the Court ordered Respondent to file an opposition to the habeas petition.  (ECF No. 3.)

On May 15, 2026, Respondent filed a motion to dismiss or transfer this case, as Petitioner previously filed a habeas petition in the Southern District of Florida while he was detained at Krome, and Respondent contends the petition remains pending.  (ECF No. 5.)  Respondent did not address the merits of Petitioner's claims.  As no decision on the merits had been issued on the habeas petition filed in the Southern District of Florida (*see* Case No. 1:26-cv-22774-CMA (S.D. Fl.)), the Court ordered Respondent to file an opposition addressing the merits of the instant habeas petition.  (ECF No. 6.)  Respondent did not file an opposition, which the Court construes as a non-opposition.  (*Id.*)  Finally, the Court ordered Respondent to file Petitioner's full Form I-

---

[2]   Respondent does not challenge Petitioner's recitation of facts in its motion to dismiss or transfer or Petitioner's recitation of facts in his habeas petition and accompanying documents filed in the Southern District of Florida while he was detained at the Krome SPC North Processing Center.  (*See generally* ECF Nos. 5, 5-3.)  Indeed, Respondent provides these documents to the Court.  (ECF No. 5 at 1; ECF No. 5-3.)  The Court uses some of the facts provided in these documents in the instant factual background.

[3]   Among the documents Respondent provides is an I-94, which reflects that Petitioner's arrival/issue date for admission or parole into the United States was August 24, 2024 and his "Admit Until Date" is April 18, 2025.  (ECF No. 5-3 at 19.)

213 for each immigration encounter, any orders of release or detention, any custody warrants or notices, and any other documents and portions of Petitioner's A-File relevant to the issues presented in the instant habeas petition.  (ECF No. 7.)  Respondent did not file any documents by the deadline provided.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 16–17.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

///

///

3

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.      Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).  Liberty interest may be strengthened over time. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a protected liberty interest in his continued freedom.  The Government's decision to release Petitioner on parole was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482.  Petitioner thus has a clear liberty interest in his continued freedom protected by the Fifth Amendment. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened his liberty interest).

B.      Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used,

4

and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. There is nothing in the record to indicate that Petitioner has any criminal history. Respondent makes no argument that he is a danger to the public or a flight risk. The risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible. Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the Government's interest is further diminished where, as here, Petitioner was already found appropriate for release. *R.D.T.M.*, 2025 WL 2686866 at *6. "The government has no legitimate

interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither.

Accordingly, the Court finds Respondent violated Petitioner's due process rights.  Finally, the Court sees no reason not to release Petitioner, as Respondent has failed twice to respond to the Court's request for a substantive opposition and for further documentation on Petitioner. Accordingly, the instant habeas petition stands unopposed on the merits by Respondent.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.    **Within two (2) court days from the date of this Order**, Respondent shall file a notice certifying compliance with the Court's order that Petitioner Francisco M.R. (A # 244-683-132) be immediately released from custody under the same conditions he was released prior to his current detention.  At the time of release, Respondent must return all of Petitioner's documents and possessions;

2.    Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present;

///

///

6

3.      Respondent's Motion to Dismiss or Transfer (ECF No. 5) is DENIED; and

4.      The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED:  June 16, 2026.

Troy L. Nunley
United States District Judge